[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-16063

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 29, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 01-02508-CV-GGB-1

BERNADETTE MARTIN,

Plaintiff-Appellant,

versus

DONALD RUMSFELD,
U.S. Secretary of Defense
(Defense Commissary Agency),
JOHN JAMES, Superintendent,
Dept. Of Defense Comm. Et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

(June 29, 2005)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Bernadette Martin, an African-American female, appeals the district court's grant of summary judgment in favor of Donald Rumsfeld in his official capacity as the Secretary of Defense, (hereinafter "the Army") on her Title VII race discrimination employment claim, 42 U.S.C.S. 2000e, et seq.

Martin argues on appeal that the district court improperly viewed the evidence in a light most favorable to the Army. She argues that had the district court viewed the evidence in a light most favorable to her, it would have found that she had established a prima facie case of disparate treatment race discrimination under Title VII, and specifically that she was treated less favorably than other similarly situated employees.[1]

A district court's grant of a summary judgment motion is subject to plenary review. HCA Health Services of Georgia, Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). Summary judgment is properly granted when the moving party demonstrates that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." HCA Health Services, 240 F.3d at 991. Finally, in reviewing a summary judgment motion, we

---

[1]The Army argues that even if Martin made a prima facie showing of disparate impact discrimination, the grant of summary judgment was still proper because she failed to show pretext. Because the district court in its order failed to address either the existence of a legitimate non-discriminatory reason or whether such a reason was pretextual in the first instance, we decline to do so on appeal.

must "construe the facts and draw all reasonable inferences in the light most favorable to the non-moving party." Id.

Title VII of the Civil Rights Act of 1964 protects against unlawful discrimination in the workplace, and provides as follows:

> (a) Employer practices
> It shall be an unlawful employment practice for an employer ---
>     (1) to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1).

The Supreme Court has used the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) to evaluate claims of indirect evidence of discrimination in employment actions. First, the plaintiff in a Title VII case carries the burden of establishing a prima facie case of discrimination. McDonnell Douglas Corp, 411 U.S. at 802; 93 S.Ct. at 1824. To do so, the plaintiff must demonstrate that she: (1) belongs to a protected class; (2) suffered an adverse employment action; (3) was qualified to do her job; and (4) was treated less favorably than similarly situated employees outside of the protected class. Lathem v. Dep't of Children and Youth Serv., 172 F.3d 786, 792 (11th Cir. 1999). Here, it was undisputed that Martin met the first two

3

requirements, and the district court concluded that the third prong was satisfied as well. Thus, the primary focus of the case is whether Martin could identify any similarly situated employees so as to meet the final element.

In this respect, the two employees must be "similarly situated in all aspects." Holifield v. Reno, 115 F.3d 1555, 1563 (11th Cir. 1997). We also have held that "[t]he comparator must be nearly identical to the plaintiff to prevent courts from second-guessing a reasonable decision by the employer." Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1091 (11th Cir. 2004) (internal citations omitted). We have stated that "[i]f a plaintiff fails to show the existence of a similarly situated employee, summary judgment is appropriate where no other evidence of discrimination is present." Holifield, 115 F.3d at 1562.

In this case the district court erred in finding that Martin failed to present evidence that alleged similarly situated employees, Lee and Bayne, committed attendance infractions for which they were not disciplined. Specifically, the court found that Martin's assertion that Lee and Bayne were "constantly tardy" was contradicted by their time sheets, and that Martin "provided no additional evidence supporting a finding that James [supervisor] was aware of their additional tardies." To the contrary, the record shows that Martin represented in an affidavit, given under oath, among other things, that Lee and Bayne were constantly tardy. She

4

represented at the beginning of the affidavit that the statements therein were "made on [her] personal knowledge," and did not otherwise qualify the statements at issue as being based on anything other than her personal knowledge. The district court, therefore, was bound to accept her statements as true, unless the context demonstrated otherwise. See Stewart v. Booker T. Washington Ins., 232 F.3d 844, 850 (11th Cir. 2000) (citing Fed.R.Civ.P. 56(c)).

There is also a genuine issue of material fact as to whether Martin was similarly situated to Lee and/or Bayne because Martin presented evidence that she was improperly classified as a probationary employee at the time she committed the alleged infractions and at the time of her discharge. The Army did not present evidence to dispute this assertion, and the district court failed to address it. If Martin was improperly classified, the Army's argument, and the district court's finding, that the difference in treatment between Martin and Bayne is explained by Martin's probationary status is without merit.

Because there is evidence creating a genuine issue of material fact as to whether Martin was similarly situated to Lee and/or Bayne, this case is remanded to the district court for further proceedings.

**VACATED AND REMANDED.**